46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Perfecto Agustin MATUS-SALGADO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70326.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Feb. 1, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Perfecto Agustin Matus-Salgado, a native and citizen of Nicaragua, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the immigration judge's ("IJ") decision denying his application for asylum. The BIA affirmed the IJ's findings that Matus-Salgado had not suffered previous persecution and a reasonable person in his circumstances would not fear future persecution. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny Matus-Salgado's petition for review.
 
 
 3
 * Background
 
 
 4
 In 1993, the INS began deportation proceedings against Matus-Salgado for entering the United States without inspection. At his initial hearing Matus-Salgado's attorney requested, and received, a continuance. At his reconvened hearing, Matus-Salgado conceded deportability and submitted an application for asylum based on his fear of persecution for avoiding military service and his family's Contra associations. The hearing was continued for six months pending an advisory opinion from the State Department. When the hearing resumed Matus-Salgado testified in support of his asylum application. The advisory opinion noted that conditions in Nicaragua have substantially improved since the 1990 elections and that "incidents of retribution by Sandinistas are the exception rather than the rule." The IJ denied Matus-Salgado's application for asylum and withholding deportation.
 
 
 5
 The BIA agreed with the IJ that: (1) a reasonable person in Matus-Salgado's circumstances would not fear persecution; (2) the record did not reflect he had suffered any harm to constitute past persecution; and (3) the IJ had properly considered the evidence in the record. Matus-Salgado timely petitions for review.
 
 II
 Standard of Review
 
 6
 Discretionary denials of asylum are reviewed for abuse of discretion. Abedini v. INS, 971 F.2d 188, 191 (9th Cir. 1992). We review de novo the BIA's determinations on questions of law. Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir. 1988). We review the BIA's factual findings under the substantial evidence standard. Id. Under this standard, we must determine whether, based on the record considered as a whole, the BIA's decision was supported by reasonable, substantial, and probative evidence. INS v. Elias-Zacarias, 112 S. Ct. 812, 815 (1992). If an alien seeks reversal of the BIA's finding that he failed to establish that he had a well-founded fear of persecution, he must show that the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. Id. at 815 & n.1.
 
 III
 Analysis
 
 7
 Matus-Salgado's contention that the INS failed to rebut his fear of persecution misconstrues the burden of proof. The alien bears the burden of establishing eligibility for asylum. See Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir. 1991); 8 C.F.R. Sec. 242.17(c).
 
 
 8
 Matus-Salgado contends that the BIA abused its discretion in denying him asylum because substantial evidence supports his claim that he has a well-founded fear of persecution. Matus-Salgado argues that, because of his political opinions and his family's support of former president Somosa, he has a real and substantiated fear of being persecuted, imprisoned, or killed upon returning to Nicaragua. This contention lacks merit.
 
 
 9
 In support of his persecution claim, Matus-Salgado testified that his immediate family, due to the apparent common knowledge of their Somosa connections, is under surveillance by the Sandinistas. They have, however, remained in the same town and no one in his immediate family has been harmed. He also testified that the Sandinistas assassinated an uncle and two cousins in 1986 or 1987. Matus-Salgado testified that he also fears he will be persecuted by the Sandinistas because he left Nicaragua shortly after receiving a notice to report for military service.
 
 
 10
 The State Department's Bureau of Human Rights and Humanitarian Affairs ("BHRHA") advisory opinion highlighted the improved political and human rights conditions under the Chamorro government. "Tens of thousands of Nicaraguan exiles have returned to the country since 1990 and live there uneventfully." The BHRHA opinion also noted that since President Chamorro was elected in 1990, she has abolished the military draft and issued a general amnesty. In addition, there have been no reported incidents of Sandinista mistreatment of those who avoided or deserted from military service.
 
 
 11
 Matus-Salgado was never arrested or detained by the Sandinistas. He remained in Nicaragua after the murders of his uncle and cousins, held long-term employment, acquired a tourist visa, and left the country without incident. Matus-Salgado's safe and undisturbed residence in his homeland after the alleged events that are the basis of the fear of persecution does not support his claim of past persecution or a reasonable fear of future persecution. See Rodriguez-Rivera, 848 F.2d at 1006. In addition, any consequences of Matus-Salgado's avoidance of military service are not generally considered persecution under the Act. See Abedini, 971 F.2d at 191. Matus-Salgado testified that his parents and seventeen of his siblings still live in Nicaragua, the parents and five of the siblings in the same home town where the family name is known, and that none of them have been harmed in any way. Accordingly, there was substantial evidence on the whole record supporting the IJ's determination, adopted by the BIA, that petitioner's fear of persecution because his family is known as Somocistas is not "well founded." See Elias-Zacarias, 112 S. Ct. at 815.
 
 
 12
 To the extent that Matus-Salgado contends that the IJ failed to consider all the evidence and made an arbitrary and capricious decision, this contention lacks merit. At his hearing Matus-Salgado was represented by counsel and was afforded a full and fair opportunity to present testimony and evidence. On appeal, the BIA considered all of the evidence and the record as a whole. Accordingly, we find meritless Matus-Salgado's contention that the IJ and the BIA violated his right to due process. See Cuadras v. INS, 910 F.2d 567, 573 (9th Cir. 1990) (holding that an alien is entitled to the fifth amendment guaranty of due process, which is satisfied only by a full and fair hearing).
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3